# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br><br>JULIO SOLORZANO (12);<br>JOSE CORNEJO (16).<br><br>　　　　　　　　　Defendants. | CASE NO. 12cr236-GPC<br>Related Case No. 16cv1455-GPC<br>　　　　　　　　　16cv1410-GPC<br><br>**ORDER DENYING PETITIONERS' MOTIONS TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND GRANTING CERTIFICATE OF APPEALABILITY** |

Petitioners Julio Solorzano and Jose Cornejo (collectively "Petitioners"), proceeding with counsel, filed motions to vacate, set aside, or correct their sentence pursuant to 28 U.S.C § 2255. (Dkt. Nos. 1967, 1968.) Respondent filed an omnibus response to the petitions.[1] (Dkt. No. 2016). Petitioners filed their replies. (Dkt. Nos. 2021, 2022.) A hearing was held on January 30, 2017. (Dkt. No. 2042.) At the hearing, the Court requested supplemental briefing on certain issues. (Id.) On February 13, 2017, Respondent filed a supplemental brief and on February 20, 2017, Petitioners filed a supplemental response. (Dkt. Nos. 2044, 2045, 2046.) Based on the reasoning below, the Court DENIES Petitioners' motions to vacate, set aside or correct

---

[1] The government's response also included an opposition to motions to vacate, set aside, or correct sentence filed by Rudy Espudo, Miguel Grado, and Jeremiah Figueroa. (Dkt. No. 2016.)

their sentence.

## Background

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area. (Dkt. No. 1.) A Second Superseding Indictment was returned on June 6, 2013 as to charges against Petitioners Solorzano and Cornejo. (Dkt. No. 1115.)

Solorzano and Cornejo were tried by a jury on Count 1 of the Second Superseding Indictment for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, 18 U.S.C. § 1962(d); Count 3 for Violent Crime in Aid of Racketeering (Attempted Murder and Assault with a Dangerous Weapon of R.T. and S.V.); and Count 20 for Discharge of a Firearm in Relation to a Crime of Violence. (Dkt. No. 1115.)

In October 2013, a jury returned a verdict and found Solorzano and Cornejo guilty of Counts 1 and 20 and not guilty of Count 3. (Dkt. Nos. 1438 (Cornejo), 1437 (Solorzano).) Cornejo and Solorzano subsequently entered into a written plea and sentencing agreement that also resolved pending state charges of assault with a semiautomatic firearm and robbery to be served concurrently with their federal sentence. (Dkt. Nos. 1554 (Solorzano); 1555 (Cornejo).)

On October 23, 2013, Solorzano was sentenced to a term of 120 months in custody on Count 1 and 120 months in custody on Count 20 to run consecutive to Count 1 for a total of 240 months. (Dkt. Nos. 1559, 1586.) On October 23, 2013, Cornejo was sentenced for a term of 108 months for Count 1 and 120 months as to Count 20 to run consecutive to Count 1 for a total of 228 months. (Dkt. Nos. 1560, 1600.)

/ / / /

/ / / /

**Discussion**

**A. Legal Standard on 28 U.S.C. § 2255**

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

**B. Johnson v. United States Ruling**

In Johnson v. United States, the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") for "any crime punishable by imprisonment for a term exceeding one year . . . that – (ii) otherwise involves conduct that presents a serious potential risk of physical injury to another", 18 U.S.C. § 924(e)(2)(B)(ii), violates the constitutional right to due process. Johnson v. United States, 135 S. Ct. 2551, 2555 (2015). The ACCA "imposes a special mandatory fifteen year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or 'violent felon[ies].'" Begay v. United States, 128 S.Ct. 1581, 1583 (2008). The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that-
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[2], or

---

[2]This section is referred to as the "elements" or "force" clause.

(ii) is burglary, arson, or extortion, involves use of explosives,[3] or otherwise involves conduct that presents a serious potential risk of physical injury to another.[4]

18 U.S.C. § 924(e)(2)(B).

In Johnson, the Court held the ACCA's residual clause is void for vagueness and "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557. The Court expressly stated the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses. Id. Moreover, it rejected the government and dissent's position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt" by responding, "[n]ot at all." Id. at 2561.

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime." See 18 U.S.C. § 924(c).[5] Section

---

[3] This section is referred to as the "enumerated offenses clause." See Johnson, 135 S. Ct. at 2559, 2563.

[4] This section has become known as the "residual clause." Id. at 2556.

[5] Section 924(c)(1)(A) provides,

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of

924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[6]

### C. Analysis

Petitioners argue that under <u>Johnson</u>, RICO conspiracy is no longer a "crime of violence" under 18 U.S.C. § 924(c) because the definition of "crime of violence" under residual clause of the ACCA, now declared unconstitutional, contains similar language to the "crime of violence" definition under § 924(c). They further argue that RICO conspiracy is also not a "crime of violence" under the force clause. Since RICO conspiracy is not a crime of violence under the force clause and the residual clause, their mandatory enhanced sentences should be corrected. Respondent contends that despite Petitioners' <u>Johnson</u> argument on the RICO conspiracy claim, Solorzano and Cornejo would nevertheless be subject to the provisions of § 924(c) because they were convicted of other "crimes of violence" under the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. §§ 1959(a)(3) and (5). The jury

---

violence or drug trafficking crime --

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[6] Courts have referred to subsection (A) as the "elements" or "force" clause and subsection (B) as the "residual clause." <u>United States v. Abdul-Samad</u>, No. 10-CR-2792 WQH, 2016 WL 5118456, at *3 (S.D. Cal. Sept. 21, 2016).

made specific findings that the § 924(c) offense occurred during and in relation to a "crime of violence" predicated not only on RICO conspiracy but also attempted murder in aid of racketeering and assault with a deadly weapon in aid of racketeering, which are crimes of violence and a separate alternative basis to sustain their conviction under the force clause of § 924(c). In their replies, Petitioners argue that the violent crimes in aid of racketeering (attempted murder and assault with a dangerous weapon of R.T. and S.V.) are not crimes of violence under the force clause of § 924(c).

The jury found Solorzano and Cornejo guilty of RICO conspiracy in Count 1, not guilty of violent crimes, attempted murder and assault with a deadly weapon, in aid of racketeering, in Count 3, and guilty for discharge of a firearm in relation to a crime of violence as charged in Count 20 which include RICO conspiracy and attempted murder and assault with a deadly weapon under VICAR.[7] (Dkt. Nos. 1437 (Solorzano), 1438 (Cornejo).) Count 20 states that,

> On or about August 20, 2011, within the Southern District of California, defendants JULIO SOLORZANO and JOSE CORNEJO, did knowingly and intentionally discharge a firearm during and in relation to a crime of violence, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraphs a and c, of Count 1; and the violent crime in aid of racketeering alleged in Count 3 of this Superseding Indictment in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2 and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

(Dkt. No. 1115 at 66-67.)

---

[7]The inconsistency in the jury's verdict where it found Petitioners not guilty on the substantive counts of violent crimes in aid of racketeering of assault with a deadly weapon and attempted murder pursuant to 18 U.S.C. §§ 1959(a)(1) & (3) but then found Petitioners guilty of discharge of a firearm in relation to the violent crimes in aid of racketeering does not render the verdict defective. See <u>United States v. Powell</u>, 469 U.S. 57, 65 (1984) (inconsistent verdicts such as "verdicts that acquit on a predicate offense while convicting on the compound offense" are not grounds for reversal); <u>United States v. Bracy</u>, 67 F.3d 1421, 1430-31 (9th Cir. 1995). Petitioners do not directly challenge the verdict.

The relevant portion of Count 20 is based on a violation of Count 3[8] which charged Solorzano and Cornejo with violent crime in aid of racketeering of attempted murder in violation of California Penal Code sections 664 and 187(a), and assault with a dangerous weapon in violation of California Penal Code section 245, which are both in violation of 18 U.S.C. §§ 1959(a)(3) and (a)(5). (Dkt. No. 1115 at 61.)

VICAR punishes certain violent acts committed by a defendant "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do. . . ." 18 U.S.C. § 1959(a). Crimes under this provision include attempted murder and assault with a dangerous weapon. Id. §§ 1959(a)(3) & (5).

Petitioners' § 924(c)(1)(A) convictions were predicated on the VICAR's attempted murder and assault with a deadly weapon, 18 U.S.C. §§ 1959(a)(3) or (a)(5), in Count 20 of the Second Superseding Indictment. The attempted murder, in turn, was predicated on California Penal Code sections 664 and 187(a), and the assault with a deadly weapon was predicated on California Penal Code section 245.

### 1. Assault with a Deadly Weapon

Petitioners argue that assault with a deadly weapon is not a crime of violence

---

[8]Count 3 states that,

> On or about August 20, 2011, within the Southern District of California, defendants JULIO SOLORZANO and JOSE CORNEJO, as consideration for the receipt of, and as consideration for a promise and an agreement to pay anything of pecuniary value from the Mexican Mafia, and for the purpose of gaining entrance to and maintaining and increasing position in the Mexican Mafia, an enterprise engaged in racketeering activity, attempted to murder R.T. and S.V., in violation of California Penal Code, Sections 664 and 187(a); and assaulted R.T. and S.V., with a dangerous weapon, in violation of California Penal Code, Section 245; all in violation of Title 18, United States Code, Sections 1959(a)(3) and (a)(5) and 2.

(Dkt. No. 1115 at 61.)

under § 924(c) since the elements do not categorically involve the use, attempted use, or threatened use of physical force.[9] Respondent disagrees.

The Ninth Circuit has held that assault with a deadly weapon under California Penal Code section 245(a)(2)[10] is categorically a "crime of violence" as defined under 18 U.S.C. § 16(a) & (b).[11] United States v. Heron-Salinas, 566 F.3d 898, 899 (9th Cir.

---

[9] Without legal authority, Petitioners urge the Court to consider the generic definition of assault with a deadly weapon and murder instead of the state law definition because while the Second Superseding Indictment charged both with the California state definitions of assault with a deadly weapon and murder, the jury instruction does not show whether the Court relied on California law or not. Based on the generic definition of assault with a deadly weapon and murder, Solorzano and Cornejo argue these crimes do not qualify as a crime of violence as they do not require the intentional use of force.

Contrary to Petitioners' argument, the Court notes that the jury instruction given to the jury in this case on assault with a deadly weapon tracks the California Criminal Jury Instruction No. 875 and the murder instruction tracks California Criminal Jury Instruction No. 520. (Dkt. No. 2021, Cornejo's Reply, Ex. F; Dkt. No. 2022, Solorzano's Reply, Ex. F.)

However, despite Petitioners' arguments, the Court notes that in applying the categorical approach, it must compare the elements of the crimes forming the basis of Petitioners' convictions (not the generic definition of the crimes) with the elements of the "generic" crime, but in this case, it is a classification of crimes, namely "crime[s] of violence." See Descamps v. U.S., 133 S. Ct. 2276, 2281 (2013); Ramirez v. Lynch, 810 F.3d 1127, 1131 (9th Cir. 2016). Therefore, the generic definitions of assault with a deadline weapon and murder are not applicable to the categorical approach as the Court is required to analyze the elements of Petitioners' crimes of conviction.

[10] California Penal Code sections 245(a)(1) and (2) provide,

(a)(1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

(2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

[11] Heron-Salinas held that assault with a firearm under section 245(a)(2) is categorically a crime of violence under 18 U.S.C. 16(a) & (b). Heron-Salinas, 566 F.3d at 899. Later, the Ninth Circuit in Dimaya held that the residual clause contained in 18 U.S.C. § 16(b) is unconstitutional after Johnson. Dimaya v. Lynch, 803 F.3d 1110 (9th

2009); see also United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009) ("[A]ssault with a deadly weapon or by means of force likely to produce great bodily injury under section 245(a)(1) is categorically a crime of violence under the element prong of § 2L1.2" relying on Heron-Salinas); Ramirez v. Lynch, 628 Fed. App'x 506 (9th Cir. Jan. 4, 2016) ("assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence as defined under the elements clause of 18 U.S.C. § 16(a)").

The elements clause of 8 U.S.C. § 16(a) defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . .

18 U.S.C. § 16. Since the elements clause of 8 U.S.C. § 16(a) contains the same language as the elements clause of § 924(c)(3)(A), the Court concludes that assault with a deadly weapon under California Penal Code section 245(a) is a "crime of violence" under the elements clause.[12]

### 2. Attempted Murder

Next, Petitioners argue that attempted murder does not categorically involve the use, attempted use or threatened use of physical force since murder can be accomplished without any use of force. The government contends that courts have held

---

Cir. 2015), cert granted, 137 S. Ct. 31 (Sept. 29, 2016). However, subsequent courts have relied on the reasoning in Heron-Salinas to support their holding that section 245(a) is categorically a crime of violence under the elements clause of 18 U.S.C. § 16(a) and in similar provisions under U.S.S.G. §§ 2L1.2 and 4B1.1(b). See USA v. Rodgers, Case No. 08cr716-SI-1, 2016 WL 7337230, at *3 (N.D. Cal. Dec. 19, 2016) (concluding that Penal Code section 245(a) is a crime of violence under the force clause of U.S.S.G § 4B1.1(b)); United States v. Garcia-Galiana, No. 15-110-LHK, 2016 WL 879832 (N.D. Cal. Mar. 8, 2016) (holding that conviction under California Penal Code section 245(a)(1) remains a crime of violence under U.S.S.G. § 2L1.2 despite Dimaya); United States v. Chilton, 2016 WL 6518665, at 6 (N.D. Cal. Oct. 11, 2016) (California Penal Code section 245(a) qualifies as a crime of violence under U.S.S.G. § 2L1.2.)

[12]While the Superseding Indictment does not specify what section of California Penal Code section 245 applies to Petitioners' convictions, it appears that section 245(a)(2) for "any person who commits and assault upon the person of another with a firearm" is the relevant provision.

that murder constitutes a crime of violence since it involves the use, attempted use or threatened use of physical force against a person.

To determine whether an offense, "attempted murder" is a "crime of violence," courts employ the "categorical" approach. See Taylor v. U.S., 495 U.S. 575, 600 (1990); Descamps v. U.S., 133 S. Ct. 2276, 2281 (2013). Courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood. The prior conviction qualifies as an [sentencing enhancement] predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, 133 S. Ct. at 2281. The categorical approach helps "determine whether conduct proscribed by the statute is broader than the generic federal definition." Rodriguez–Castellon v. Holder, 733 F.3d 847, 853 (9th Cir. 2013) (internal quotation marks and citation omitted). In identifying the elements of the statute of conviction, courts look not only to the text of the statute, but also to how state courts have interpreted and applied the statute. Covarrubias Teposte v. Holder, 632 F.3d 1049, 1054 (9th Cir. 2011). A court must determine whether there exists "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007). If "the federal generic offense is not itself a crime, but rather a classification of crimes, like 'crime[s] of violence,' then we also compare the crime of conviction with other crimes determined to fall within that classification." Ramirez v. Lynch, 810 F.3d 1127, 1131 (9th Cir. 2016) (citing Cerezo v. Mukasey, 512 F.3d 1163, 1166 (9th Cir. 2008)). If the statute of conviction criminalizes more conduct than the federal generic offense, the state conviction does not fall within the federal definition and will not qualify as a crime of violence. Id.

In this case, the Court must compare California's attempted murder statute with the federal generic crime, or in this case, a classification of crimes, to wit: a crime of violence, and more specifically, an offense that "has as an element the use, attempted

use, or threatened use of physical force against the person or property of another," to determine whether attempted murder criminalized more or less conduct than a "crime of violence." The Court must assess whether attempted murder has as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

The Court first analyzes the generic definition of "use of physical force" standard. In Leocal, the Supreme Court held that a "crime of violence" under 18 U.S.C. § 16(a), a statute almost identical to § 924(c)(3)(A), "is one involving the use . . . of a physical force against the person or property of another" and "suggests a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2004) (driving under the influence of alcohol and causing serious bodily injury in an accident under state law was not a "crime of violence"). The "use of physical force against another person (or the risk of having to use such force in committing a crime), suggests a category of violent, active crimes . . . ." Id. at 11.

In Johnson v. United States, 559 U.S. 133 (2010) ("Johnson 2010"), the Supreme Court held that "physical force" under the ACCA's force clause, § 924(e), defining violent felony, "means *violent* force – that is, force capable of causing physical pain or injury to another person." Id. at 140 (emphasis in original) (defendant's prior battery conviction under Florida law was not a "violent felony" under ACCA). The word violent "connotes a substantial degree of force." Id.

The Ninth Circuit has applied the definition under Johnson 2010 to other offense provisions such as 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2.[13] United States v. Bell, 158 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (citing United States v. Dominguez–Maroyoqui, 748 F.3d 918, 920–21 (9th Cir. 2014) (U.S.S.G. § 2L1.2);

---

[13] Under U.S.S.G. § 2L1.2, crimes of violence is defined "as any of the following offenses under federal, state, or local law: murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c), or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. 2L1.2 (commentary)

United States v. Flores–Cordero, 723 F.3d 1085, 1087 (9th Cir. 2013) (U.S.S.G. § 2L1.2); Rodriguez–Castellon v. Holder, 733 F.3d 847, 854 (9th Cir. 2013) (18 U.S.C. § 16(a)).

Then, in United States v. Castleman, ––– U.S. ––––, 134 S. Ct. 1405 (2014), the Supreme Court held that "physical force" may be both direct and indirect such that use of poison constitutes a use of force. Id. at 1414-15. The defendant was convicted of a "misdemeanor crime of domestic violence" which involves a misdemeanor that necessarily involves the "use . . . of physical force." Id. at 1413. The Court explained that generic "physical force" is met by the degree of force that satisfies a common-law battery conviction. Id. "Physical force" is "'force exerted by and through concrete bodies' as 'opposed to intellectual force or emotional force.'" Id. at 1414 (quoting Johnson, 559 U.S. at 138). Common law "force" includes an indirect application which does not need to be applied directly to the body of the victim. Id. at 1414-15. Moreover, the "use" of force requires the knowing or intentional application of force, and therefore, "use" of force involves a "higher degree of intent than negligent or merely accidental conduct." Id. at 1415. In the example of using poison to kill someone, the Court explained it is not the act of sprinkling the poison, but it is "the act of employing poison knowingly as a device to cause physical harm and it does not matter if the harm occurs directly or indirectly. Id.

In California, murder is defined as "the unlawful killing of a human being, or a fetus, with malice aforethought." Cal. Penal Code § 187(a). The jury was instructed according with California Criminal Jury Instruction No. 520 for murder with the relevant instructions being:

> First, an individual committed an act that would cause the death of another person; and second, when the individual acted, he would have a state of mind called "malice aforethought." A person acts with "malice aforethought" if he unlawfully intended to kill. Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time.

(Dkt. No. 2022 at 21-22.) Murder has two elements, an unlawful killing, and malice aforethought. See United States v. Checora, 155 F. Supp. 3d 1192, 1197 (D. Utah. 2015). Courts have looked at the conduct element, "unlawful killing" in determining that it involves use of "physical force." Checora, 155 F. Supp. 3d at 1197 ("It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed."), United States v. Moreno-Aguilar, 198 F. Supp. 3d 548, 554 (D. Md. 2016) (finding that murder is not a crime of violence under the force clause of § 924(c) strains common sense and, more importantly, could lead to the absurd result that this, and other statutes, . . . would be called into question", and concluded that "unlawful killing, necessarily involved the use of physical force against another and are crimes of violence.").

Federal murder, 18 U.S.C. § 1111[14] employs the same language as California's murder statute. The Ninth Circuit has held that under federal law "[b]oth first-and second-degree murder constitute crimes of violence." United States v. Begay, 567 F.3d 540, 552 (9th Cir. 2009), overruled on other grounds, 637 F.3d 1038 (9th Cir. 2011) (affirming defendant's firearm convictions under § 924(c) and holding that because the evidence was sufficient to support convictions of murder in the second-degree, it was sufficient to support the relevant element of § 924(c)); United States v. Machado-Erazo, 986 F. Supp. 2d 39, 52 (D.C.D.C. 2013) (concluding that murder under District of Columbia and Maryland law underlying a VICAR count is a crime of violence under § 924(c)).

Petitioners argue that murder can be committed without violent physical force; however, in making their argument, they incorrectly rely on the generic definition of murder which only requires "causing" another's death and does not require physical force. (Dkt. No. 2021 at 10-11; Dkt. No. 2022 at 10-11.) Moreover, in their supplemental reply, Petitioners contend that murder can be accomplished by non-

---

[14]"Murder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111.

violent conduct and cite to cases where non-violent force was used for a murder conviction. However, the cases Petitioners cite concern second-degree murder and not first-degree murder. (Dkt. No. 2045 at 4-5; Dkt. No. 2046 at 4-5.) To find an offense overbroad, there must be a "realistic probability, not a theoretical possibility," that the statute would be applied to conduct not encompassed by the generic federal definition. Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007); accord United States v. McGuire, 706 F.3d 1333, 1337 (11th Cir. 2013) (applying the "realistic probability" standard to a crime of violence determination under section 924(c)(3)). To make that showing, a defendant may demonstrate that the statute "was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." Id. Petitioners have not demonstrated a realistic probability that first degree murder can committed through non-violent conduct, nor can they. See Begay, 567 F.3d at 552 (stating that first and second degree murder constitute crimes of violence).[15]

Thus, because the § 924(c) convictions for either attempted murder and assault with a deadly weapon constitute "crimes of violence," the Court DENIES Petitioners Solorzano and Cornejo's petitions to vacate, set aside or correct sentence.

**D.     Certificate of Appealability**

Rule 11 of the Federal Rules Governing Section 2255 Cases states, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

---

[15] Petitioners do not challenge whether the "attempt" part of "attempted murder" is a "crime of violence." Neither party has addressed this issue and the Court declines to address this issue as it is unchallenged.

McDaniel, 529 U.S. 473, 484 (2000).

Although the Court DENIES Petitioners' petitions, the Court recognizes a reasonable jurists could find the Court's assessment of Petitioners' claims debatable. Thus, the Court GRANTS a certificate of appealability.

**Conclusion**

Based on the reasoning above, the Court DENIES Petitioners' motions to vacate, set aside or correct sentence pursuant to 28 U.S.C § 2255.[16] The Court also GRANTS Petitioners a certificate of appealability.

IT IS SO ORDERED.

DATED: May 17, 2017

HON. GONZALO P. CURIEL
United States District Judge

---

[16] Based on the Court's ruling, it need not address the government's additional arguments that Petitioners' procedurally defaulted on their challenge to § 924(c)(3)(B), that they waived their right to collaterally attack their sentences and their request for a stay.